```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/7/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Q3 INVESTMENTS RECOVERY VEHICLE, LLC,

                Plaintiff,

-against-

FEDERAL DEPOSIT INSURANCE CORP. AS RECEIVER FOR SIGNATURE BANK,

                Defendant.

---

23-CV-03086 (MMG)

**OPINION & ORDER**

MARGARET M. GARNETT, United States District Judge:

Before the Court are two letters from the parties that remain in this action: Q3 Investments Recovery Vehicle, LLC ("Plaintiff") and the Federal Deposit Insurance Corporation (the "FDIC") as Receiver for Signature Bank ("Defendant"). This action was removed from state court in April 2023, and this Court subsequently stayed the action. Plaintiff, through its letter-motion, requests that: (1) the stay be lifted; and (2) this Court either (a) review an underlying state court judgment in an appellate posture; or (b) adopt the state court judgment, prepare the record for appeal, and forward the case to the Court of Appeals for the Second Circuit.

For the reasons that follow, the request to lift the stay is GRANTED. Additionally, for the reasons that follow, this Court adopts the relevant portions of the underlying state court decision as its own as of the date of this Order.

## BACKGROUND

### I. The State Court Action

Plaintiff is an assignee of the claims of more than 70 investors who invested in non-party Q3 I, L.P. ("Q3I"), a Delaware limited partnership that was formed to facilitate a cryptocurrency club and that had accounts at Signature Bank.

Plaintiff commenced this action against Signature Bank (and other defendants) in the Supreme Court of the State of New York (the "State Court") on December 16, 2020 (Index No.

657090/2020). Plaintiff alleged that a non-party individual was able to perpetuate fraud against the limited partnership using Q3I's bank accounts at Signature Bank; as against Signature Bank, Plaintiff alleged that Signature Bank's negligence enabled the individual to conduct the fraud, including by ignoring indications of the fraud.

Signature Bank and its co-defendants in the State Court action moved to dismiss, and on January 10, 2023, the State Court granted the motions and dismissed the claims against Signature Bank. *See* Dkt. No. 3-3 (State Court Decision & Order). On January 13, 2023, Plaintiff filed a Notice of Appeal with the State Court.[1]

## II.     Removal to Federal Court

On March 12, 2023, the New York State Department of Financial Services closed Signature Bank and appointed the FDIC as its Receiver. The FDIC was substituted for Signature Bank as the defendant in the State Court action, and it subsequently removed the state action to this Court on April 13, 2023, pursuant to the Financial Institution Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"). Upon removal, the case was originally assigned to Judge Ronnie Abrams in this District.

On May 1, 2023, Judge Abrams stayed the matter pending Plaintiff's exhaustion of a mandatory administrative claims process pursuant to 12 U.S.C. § 1821(d). *See* Dkt. No. 18. On August 29, 2023, Judge Abrams granted Plaintiff's application to dismiss all defendants from this case other than the FDIC as Receiver for Signature Bank. *See* Dkt. No. 20. On February 26, 2024, the case was reassigned to the undersigned.

---

[1] Both parties agree that the time to perfect the State Court appeal had not yet run when the FDIC was substituted for Signature Bank as Receiver.

2

**III.     Plaintiff's Letter-Motion and Defendant's Response**

Before the Court now is Plaintiff's February 28, 2024, letter-motion, in which Plaintiff states that the required administrative claims process has been exhausted and requests that the stay be lifted. Citing to a case from the Court of Appeals for the Fifth Circuit, *Matter of Meyerland Co.*, 960 F.2d 512 (5th Cir. 1992), Plaintiff also implores the Court to review the State Court judgment in an appellate posture. In the alternative, Plaintiff requests that this Court take the State Court judgment, prepare the record for appeal, and forward the case to the Court of Appeals for the Second Circuit for review. With respect to the second option, Plaintiff requests that "the Court rule that the deadlines under the federal rules of appellate procedure will begin to run as if the notice of appeal had been filed on the date that the case is forwarded to the Second Circuit." Dkt. No. 21 at 2.

In its responsive letter, the FDIC does not object to lifting the stay, but it opposes Plaintiff's proposal that this Court conduct appellate review of the State Court decision. The FDIC states that "the standard process for pursuing such an appeal should govern here as if the State Court Decision had been entered by this Court." Dkt. No. 22 at 2–3.[2]

**DISCUSSION**

Plaintiff does not dispute that the removal of the action was proper, as FIRREA plainly allows the FDIC-Receiver to remove cases from state court to federal court within 90 days after the FDIC is substituted as a party in the action. 12 U.S.C. § 1819(b)(2)(B). Here, the FDIC timely removed the case on April 13, 2023, the same day it was substituted as a defendant in place of Signature Bank. Plaintiff's pending notice of appeal of the State Court's decision in this action does not make removal improper. *See Matter of Meyerland Co.*, 960 F.2d at 516–520

---

[2] The FDIC also disagrees with Plaintiff's characterization of some of the procedural history in this case. *See* Dkt. No. 22. The Court engages with that disagreement only where relevant to this Order.

(looking to the plain meaning of FIRREA, removal of the action by the FDIC pursuant to FIRREA was proper, even though the state court's determination had been appealed); *Resol. Trust Corp. v. Bayside Devs.*, 43 F.3d 1230, 1236 (9th Cir. 1995) ("[T]he plain language in FIRREA authorizes removal from state appellate courts as long as the state court appellate proceedings have not been exhausted."); *see generally Mizuna, Ltd. v. Crossland Fed. Sav. Bank*, 90 F.3d 650, 657 (2d Cir. 1996) ("[T]he jurisdictional grant in FIRREA enhances the effectiveness and uniformity of proceedings in which the FDIC exercises the sweeping powers conferred on it by the Act. . . . Congress, pursuant to its unquestioned Art. I powers, has enacted a broad statutory framework—here, one that confers suitable procedural and substantive rights and powers on the FDIC—and deliberately sought to channel the cases in which the FDIC would have or may wield those powers away from the state courts and into federal courts.") (internal references omitted).

Despite the undisputed propriety of the removal, this Court finds itself in an odd procedural posture due to the status of the state case at the time of removal. *See Resol. Trust Corp. v. Nernberg*, 3 F.3d 62, 67 (3d Cir. 1993) (noting, regarding the removal of appealed cases, that "[t]he role that the district court is to play is left to conjecture and 'field engineering'"). Although the Second Circuit has not yet addressed the proper procedure for this situation, cases in other circuits provide useful guidance. While approaches vary in some particulars, the circuits that have addressed this circumstance have all tried to balance the need to avoid federal district courts sitting as appellate reviewers of state court decisions, while also recognizing that some action at the district court level may be necessary because federal circuit courts are supposed to review the actions of federal district courts rather than those of state courts. For example, in *Matter of Meyerland Co.*, the Fifth Circuit settled on a procedure in which the district court should merely "take the state judgment as it finds it, prepare the record as required for appeal, and

4

forward the case to a federal appellate court for review." 960 F.2d at 520.[3] At the other end of the spectrum, the Eleventh Circuit has <u>required</u> that the party seeking to press the appeal previously filed in state court must first move the district court to modify or vacate the state court judgment, and the district court should rule on such a motion before the case is ripe for federal appeal. *See Jackson v. Am. Sav. Mortg. Corp.*, 924 F.2d 195, 198–99 (11th Cir. 1991) (the district court must review the state court judgment "as if appellant had timely filed a Fed. R. Civ. P. 59 motion and that motion were pending").

Most other Circuits have found a middle ground between these two approaches, in order to open a space for substantive action by the district court that would properly position the case for appeal within the federal system, but without requiring that district courts do work that is unnecessary within the context of the particular case before them. For example, the Third and Seventh Circuits have prescribed a procedure by which the district court would adopt the state court judgment as its own, but then trigger a special period in which parties may move before the district court to alter, modify, or open the judgment. Only after such motions are foregone or resolved would the matter then be ripe for appeal to the relevant circuit court. *See Nernberg*, 3 F.3d at 67–68 (3d Cir. 1993) (citing *Reilly v. Waukesha Cnty., Wis.*, 993 F.2d 1284, 1287 (7th Cir. 1993)); *see also Reilly*, 993 F.2d at 1287 (the Eleventh Circuit's conclusion "is equivalent to saying that the state court's rulings do not survive removal—or, alternatively, that they are not subject to appellate review in any court, state or federal. . . . Removal in mid-appeal is an unsettling procedure, but once we accept that Congress has authorized this step, there is no reason to require busy federal district judges to revisit questions resolved before removal.") (internal references omitted). Similarly, the Fourth and Ninth Circuits have held that a district court should

---

[3] Although the Plaintiff's letter suggests that *Meyerland* "proposed two approaches," Dkt. No. 21 at 2, *Meyerland* is in fact quite clear that the first approach (having a district court sit in appellate review of a state court decision) is disfavored. 960 F.2d at 520.

adopt the underlying state court judgment as its own, which would then trigger whatever remedies for the losing party would normally be available under the Federal Rules of Civil Procedure, whether post-judgment relief or appeal, including the associated time limitations. *See Resol. Trust Corp. v. Allen*, 16 F.3d 568, 573 (4th Cir. 1994) ("[I]mmediately after removal the district court [sh]ould adopt the state court judgment as its own.  After this adoption, the judgment [sh]ould be treated the same as other judgments entered by the district court and the parties [sh]ould follow the ordinary rules regarding post-judgment remedies."); *Bayside Devs.*, 43 F.3d at 1238; *see also Breedlove v. Cabou*, 296 F. Supp. 2d 253, 264–65, 270 (N.D.N.Y. 2003) (in case removed mid-appeal, district court adopted the state court order upon removal, permitted the defendant to move for reconsideration of the state decision pursuant to Fed. R. Civ. P. 60(b), granted the motion for reconsideration and reinstated the defendant's affirmative defenses that the state court had dismissed).

Although this case, unlike those described above, has the additional procedural wrinkle of a long-pending stay in order to allow the exhaustion of administrative remedies, this Court finds the overall approach adopted by the Fourth and Ninth Circuits to be the most sensible and also adaptable to the circumstances of this case.  Accordingly, with the parties' consent, the stay in this case is lifted, and as of the date of this Order the Court adopts as its own judgment the portions of the January 10, 2023, opinion of the Supreme Court of the State of New York that relate to Signature Bank's motion to dismiss.  *See* Dkt. No. 3-3.  The entry of this Order shall trigger the running of time for any available post-judgment remedy under the Federal Rules of Civil Procedure, including the timely filing of a notice of appeal to the Second Circuit.

## CONCLUSION

For the reasons stated above, is hereby ORDERED that the stay in this case is lifted.  The Court adopts the relevant portions of the January 10, 2023, opinion in the State Court action as its

own judgment as of the date of this Order, and the parties may seek whatever relief they are entitled to under the Federal Rules of Civil Procedure as if the judgment had been originally entered in this Court.

    The Clerk of Court is respectfully directed to TERMINATE Dkt. No. 21.

Dated: January 7, 2025
       New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge